UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

Nathan G. DuBray          )          PETITION FOR WRIT OF HABEAS
    Petitioner           )          CORPUS, UNDER 28 U.S.C, SECTION
V.                        )          2254
Chad Pringle, warden )          Case No. ————
    Respondent           )

① Comes now, Nathan G. DuBray, The above-named petitioner ("Petitioner"), pro se, and hereby respectfully petitions the Honorable Court for a writ of Habeas Corpus, under 28 U.S.C Section 2254, for a person in State Custody, and represents and Shows the Court:

② On October 4th 2013, Judgement was entered and sentence imposed in Grand Forks County District Court No. 18-2012-CR-01960, pursuant to a Plea-of-guilty on advice of Counsel, by the Honorable Debbie Kleven, State District Court Judge ("State Court"), For the offences of Gross Sexual Imposition. (See. Criminal Judgement of October 4, 2013, and Amended criminal Judgement of January 3, 2014, Grand Forks County District Court Case No. 18-2012-CR-01960; Doc.# 78 and #88, respectfully). That Said Sentence was for a period of thirty (30) years, with

(1)

all but fifteen (15) years suspended for a period of ten (10) years with credit for time-served of fourteen (14) days, on both Count-1, Gross Sexual Imposition, A class AA felony and Count-2 Gross Sexual Imposition, A class AA felony with both Counts concurrent to one-another.

③ On July 14th, 2014, Petitioner, pro se, filed an Application for post conviction Relief ("Application") (See, Grand Forks County District Court Case No. 18-2014-CV-00960; Doc#1). In this pro se Application, Petitioner deemed himself aggrieved by said Judgement and Sentence upon the following specific and independent grounds;

ⓐ That petitioner received ineffective assistance of counsel during the original proceeding outside the range of competence demanded of Attorneys in a criminal case, in violation of the Sixth Amendment because Petitioners Counsel 1. failed to interview or depose: Bobby Joe Bull; Torey Lynn Killscrow; Shelby Joleen Weist; Thomas Weist; or Mario Alcon, each of whom would have been essential to petitioners defense for trial, ② failed to hire an expert to determine if the

(2)

evidence given by the alleged child victim, during the forensic interview of January 9. 2012, at 0900 hours, and conducted by Tammy Knudsen of the Grand forks County Social Services was tainted by "concerned" adults (3) failed to determine whether the Prosecuting Authority Knew or Should have Known that Charging Petitioner with multiple offenses was Multipilicity, highly Suspicious and based on fabricated or tainted evidence. therby violating Petitioners Due Process Clause of The fifth Amendment. which is imposed on the State of North Dakota through the fourteenth Amendment. (4) failed to Show the State Court that the Prosecuting Authority Knowingly disregarded it's obligations, which was an abuse of it's Professional discretion and a violation of Petitioners due process rights. (5) failed to Promply Comply with petitioners reasonable requests for information, documents, papers, reports. notes and Communications. (6) failed to supply Petitioner with Sufficient information to participate intelligently in discussions Concerning the representation and whether

(3)

to plead-out (7.) failed to hire an expert to determine if the evidence given by the alleged victim to forensic interviewer Tammy Knudsen was susceptible to influence through coercive, suggestive, or even apparently benign questioning, and whether the interview process itself distorted the recollection of the alleged victim, and whether the perception of the alleged victim were irremediably altered by the interview process. (8.) failed to represent Petitioner with the required skill, thoroughness, legal knowledge, preparation, and diligence of a reasonable attorney, and (9.) that a manifest injustice has resulted from the plea-of-guilty or ineffective advise of counsel and that the state court abused its discretion and was without jurisdiction to sentence Petitioner to a term of incarceration. (See Grand forks county District court case No. 18-2014-CV-00960; Application Doc. #1 at ¶11 – ¶23)

(4.) On October 20th, 2014, an evidentiary hearing was held before the state court. Attorney Blake Hankey testified that hiring a private investigator and deposing the states witnesses would only result

(4)

in unnecessary expenses for the petitioner. (It must be noted here petitioner paid mr. Hankey $20,000.00 for his representation in this matter and that was to include the cost of a private investigator, expert and deposing of all witnesses, it could not cost more money, when it was already paid for)

6️⃣ Petitioner filed a timely Notice of Appeal to the North Dakota Supreme Court and was appointed Monty G. Mertz as counsel for the appeal. Mr. Mertz filed and served the Brief of Petitioner / Appellant Nathan DuBray, and brought the following issues before the State Supreme Court:

ⓐ That attorney Hankey was ineffective for ①. failing to conduct any interview or depose any witnesses, either for the state or the defense, ② failing to interview the alleged victim or the alleged victim's mother, ③ failing to file a motion in limine as to the alleged unproven prior Sexual misconduct by petitioner. ④ failing to conduct any independent investigation or preparation and planned to try the case by the seat of his pants. ⑤ failing to file and serve a motion to withdraw guilty plea ⑥ failing to request a pretrial hearing on the issue of hearsay evidence ⑦ failing to hire

a private investigator ⑧ failing to develop a theory of defense ⑨ failing to hire an expert witness to review information in the video of the forensic interview.

ⓑ That Petitioner asserted his pleas were not voluntary due to Mr. Hankey's serious derelications and that the state court applied the wrong standard as to withdraw of Petitioners guilty plea, That the state court abused its discretion by not allowing Petitioner to remove his guilty plea applying the "fair and just" standard, and that there was no indication in the record that the prosecution would have been prejudiced in any manner had petitioner been allowed to remove his guilty pleas.

⑦ On or about May 27, 2015, Petitioner filed and served a Rule 24 Supplemental statement of Petitioner/Appellant Nathan DuBray, and brought the following issues before the state supreme court:

   ⓐ the Petitioner received ineffective assistance of counsel during the original proceeding, outside the range of competence demand

(6)

of attorneys in a criminal Case, in violation of Petitioners Sixth Amendment rights under the United States Constitution.

(b.) That Petitioners father-in-law paid Mr. Hankey $20,000.00 (twenty-thousand U.S. Dollars) to represent Petitioner. Mr. Hankey made many promises to Petitioner concerning that representation and what was to be done in exchange for the $20,000.00 fee, including but not limited to, (1) conduct a complete investigation with a private investigator, (2) Hire an expert to investigate or conduct relevant research to determine whether the alleged victim's memory may have been tainted by relatives, adult authority figures or by the forensic interviewer, (3) supply petitioner with all information, facts, documents, papers, reports and transcripts in a timely manner (4) Communicate with Petitioner in order to keep petitioner informed of the progress of the case; (5) Represent Petitioner with his great skill, knowledge of the law, diligence and preparation and its effects on Petitioner. (6) Determine whether the Prosecuting Authority knew or had duty

(7)

to know that charging Petitioner with multiple offences was multiplicity, Highly Suspicious and based on fabricated and/or tainted evidence, and was designed to Scare Petitioner into pleading Out. (7.) Depose witnesses Bobby Joe Bull, Torey Lynn Killscrow, Shelby Joleen Weist, Thomas Weist and Mario Alcon.

(8.) On July 8th, 2015, Attorney Charles J. Sheeley, Whom was again hired by Petitioner's Father-In-Law, filed and Served an Appellant's Reply Brief, and brought the following issues before the State Supreme Court:

 (a) That Mr. Hankey was defective and Petitioner was prejudiced by the defective representation by Mr. Hankey's decision to (1.) Forgo depositions of witnesses, (2.) Forgo having an expert review video of an interview with the alleged victim. (3) Forgo filing any 404 (b) pretrial motions. (4) and Mr. Hankeys decision to have Petitioner meet with the Prosecuting Authority for the government attorney to outline his case against Petitioner.

 (b) Attorney Charles J. Sheeley went on to outline that the governments position was

(8)

Untenable and that Petitioner was on the eve of trial for two AA Felonies, which carry up to a life sentence on each, with no real strategy except to cross-examine the witnesses and that Petitioner had little idea beyond what was written in police reports of what witnesses testimony might be, because Mr. Hankey conducted no investigation into whether the alleged victim may have been coached or otherwise targeting Petitioner instead of another individual, because Mr. Hankey had no expert review the forensic interview to look for the discrepencies in how the interview was handled or other factors, which might be able to utilize at trial.

(C) Also, Mr. Scheeley stated Petitioner was confronted on the eve before trial with the unanswered question of whether two other unsubstantiated allegations of child molestation would be used against Petitioner to convict Petitioner for these charges and was also confronted by not only Mr. Hankeys lack of preparation, but also the opposite - Petitioner was able to listen to everything

(9)

the Prosecuting Authority had done in preparation, and listen in a private meeting how the Prosecuting Authority planned to convict Petitioner.

(d.) Further, Mr. Sheeley argued that petitioner's attempt to withdraw his guilty plea through Post-conviction proceeding should be reviewed under the "Fair and Just" Standard and showed the state Supreme Court that Petitioner unequivocally moved to withdraw his guilty Plea prior to being Sentenced on October 4, 2013, but the state court essentially ignored Petitioner's request, and demanded the case proceed to Sentencing and that Mr. Hankey's Performance was further deficient for failing to challenge the denial of a plea withdrawal Through the Post-trial motions offered by the State Court.

(9.) On October 13, 2015, The State Supreme court issued its opinion affirming the district courts order, pursuant to a summarily decision under N.D.R. App P. 35.1 (a)(2). (see, Exhibit #2).

(10.) On December 28, 2015, Petitioner, pro se, filed and Served a motion to withdraw Guilty Plea and a

(10)

Request for Appointed counsel along with other supporting papers.

(11) On January 11, 2016, the state court issued its Order Denying Application for Court-Appointed Attorney and order Denying motion to withdraw Guilty Plea. (See. Exhibit #3).

(12) That Petitioner has not filed or taken any other actions to secure relief from his judgment of conviction or sentence.

(13) The following are the grounds on which Petitioner claims he is being held in violation of the Constitution, Law or Treaties of the United States:

## GROUND ONE

INEFFECTIVE ASSISTANCE OF COUNSEL

### SUPPORTING FACTS OF GROUND ONE

(14) Mr. Hankey was paid $20,000.00 in exchange for his services, in which Mr. Hankey promised to provide representation and conduct certain tasks. Mr. Hankey failed to provide the representation he promised for his $20,000.00 fee and failed to conduct the following tasks:

(a) To conduct any interviews or depose any witness, either for the State or the defense,

(b) To interview The alleged victim or the alleged Victims mother,

(c) To File a motion in limine as to the alleged Unproven prior sexual misconduct allegations against Petitioner

(d) To conduct any independent investigation or Preparation,

(e) To file and Serve a timely motion to Withdraw guilty plea,

(f) To hire a private investigator,

(g) To develop a theory of Defense,

(h) To hire an expert witness to review information in The video of the forensic interview,

(i) to hire an expert to investigate or conduct relevant research to determine whether the alleged victim's memory may have been tainted,

(j) To Supply Petitioner with all information, facts, documents, papers, reports and transcripts in a timely manner,

(k) To communicate with Petitioner in order for petitioner to Keep petitioner informed of The progress of the case,

(l.) To represent Petitioner with his great skill, knowledge of the law, diligence and preparation, and its effects on Petitioner;

(m) To determine whether the Prosecuting Authority knew or had a duty to know that charging Petitioner with multiple offenses was multiplicity, and designed to scare Petitioner into pleading-out.

(15) Mr. Hankeys decision to have Petitioner meet with the Prosecuting Authority for the government attorney to outline his case against Petitioner was beyond unreasonable and seems was further done to scare Petitioner into a pleadeal, because Mr. Hankey had outlined no trial strategy and Petitioner had little idea beyond what was written in police reports and because Mr. Hankey had conducted no investigation's into whether the alleged victim may have been coached or otherwise targeting Petitioner instead of an another individual and because Mr. Hankey had no expert review the forensic interview

(16) Petitioner was confronted with Mr. Hankey ineffectiveness on the eve before trial, by unanswered questions of whether two other unsubstantiated allegations of child mulestation would be used against

(13)

Petitioner and was also confronted by Mr. Hankey's lack of preparation and sitting in on a meeting on how the Prosecuting Authority planned to convict Petitioner.

## GROUND TWO

THE STATE COURTS USED THE WRONG STANDARD IN DETERMINING WHETHER PETITIONER SHOULD BE ALLOWED TO REMOVE HIS GUILTY PLEA

## SUPPORTING FACTS OF GROUND TWO

(17) Petitioner's attempt to withdraw his guilty plea through post-conviction proceeding should have been reviewed under the "fair and just" standard,

(18.) All grounds petitioner brings before the court for relief has been raised and presented to the North Dakota Supreme Court, which is the highest state court having jurisdiction.

(19) Petitioner has not presented any of the grounds raised in this Petition in a Federal Court.

(20.) Petitioner has no petition, motion, application or appeal pending in any Court, either State or Federal.

(14)

(21.) The following are the names and addresses of each attorney who represented Petitioner during the state proceedings:

(a.) Arraignment, Preliminary, Change of Plea and Sentencing: Blake Hankey, Grand Forks, ND

(b.) Post-conviction Proceeding: Monty G. Mertz, Fargo Public Defender's office, 912 3rd Avenue South, Fargo, ND 58103-1707

(c) Appeal from ruling on Post-conviction proceeding: Monty G. Mertz, address above and Charles J. Sheeley, 3332 4th Avenue South, Suite 201, Fargo, ND 58103

(d.) Motion to withdraw guilty Plea Proceeding: pro se

(22.) Therefore, Petitioner asks that the Court grant Petitioner a writ of Habeas Corpus by a person in State custody, or any other relief to which petitioner may be entitled.

(23.) I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and Correct and that this Petition for Writ of Habeas Corpus was Placed in the Prison mailing System on the 11 day of February 2016.

(15)

(24) Executed (signed) on the 11 day of February 2016.

Petitioner, Pro se