In District Court, Grand Forks County, North Dakota

| Nathan G. Dubray, | Case No. 18-2014-CV-00960 |
| --- | --- |
| Petitioner, | Order Denying Application for Post-Conviction Relief |
| v. | |
| State of North Dakota, | |
| Respondent. | |

¶1. Petitioner, Nathan G. Dubray (Dubray), seeks Post-Conviction Relief. Dubray is represented by Attorney Monty Mertz, and the State is represented by Assistant State's Attorney David Jones.

## Facts

¶2. Dubray entered open guilty pleas to two counts of Gross Sexual Imposition, a Class AA felony, on July 15, 2014. The Court determined the voluntariness of the pleas, inquired into the factual basis of the offenses, and accepted Defendant's pleas. A Presentence Investigation Report was ordered, and sentencing was scheduled for October 4, 2014. At the time set for sentencing, Dubray asked to withdraw his guilty pleas. The request was denied for the reason the Court accepted the guilty pleas on July 15, 2014. The Court reviewed the Presentence Investigation Report in open court and proceeded to impose concurrent sentences of 30 years with the North Dakota Department of Corrections, with 15 years suspended, and 10 years of supervised probation.

¶3. Dubray asserts he is entitled to post-conviction relief because of ineffective assistance of counsel. Specifically, he claims trial counsel should have hired a private investigator, deposed the State's witnesses, and filed a motion to exclude evidence of prior bad acts. An evidentiary hearing was held on October 20, 2014, and the Court heard the testimony of Nathan Dubray and defense attorney, Blake Hankey.

1


Exhibit #1

## Law

¶4. Dubray argues Hankey provided ineffective assistance of counsel at the trial court level. In Broadwell v. State, 2014 ND 6, 841 N.W. 750, the North Dakota Supreme Court explained the petitioner's burden of proof in a claim for ineffective assistance of counsel:

> "The issue of ineffective assistance of counsel is a mixed question of law and fact which is fully reviewable by this court. To succeed on a claim for ineffective assistance of counsel, a petitioner must prove counsel's performance fell below an objective standard of reasonableness and the deficient performance prejudiced him. Even where the court finds that counsel's representation fell below an objective standard of reasonableness, prejudice is not normally assumed. Unless counsel's errors are so blatantly and obviously prejudicial that they would in all cases, regardless of the other evidence presented, create a reasonable probability of a different result, the prejudicial effect of counsel's errors must be assessed within the context of the remaining evidence properly presented and the overall conduct of the trial. Courts need not address both elements of the ineffective assistance of counsel test, and if a court can dispose of the case by addressing only one element, it is encouraged to do so."

Broadwell, 2014 ND 6, ¶ 7, 841 N.W.2d 750 (citations and internal quotation marks omitted). The Petitioner must specify how and where trial counsel was incompetent and explain how the probable outcome would have been different Murchison v. State, 2011 ND 126, K 8,799 N.W.2d 360 (citing State v. Myers, 2009 ND 141, K 15, 770 N.W.2d 713). "A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at ¶ 8 (quoting Myers, at ¶ 15). In the instant case, Petitioner has failed to show how his attorney's performance was deficient and how he was prejudiced.

### A. Trial counsel's tactical decision not to hire a private investigator or depose witnesses was not ineffective assistance of counsel.

¶5. At the evidentiary hearing, Attorney Blake Hankey testified that he chose not to hire a private investigator for a number of reasons. First, he stated that he worked on this case along with another attorney in his office, Adam Fleischman. Both attorneys reviewed the video-taped forensic interview. The only two people in the interview room at the time of the interview were the child and the forensic

interviewer. The child described the incident in detail. Dubray was afforded an opportunity to watch the forensic interview and discuss it with one of the attorneys. Both Hankey and Fleischman concluded the interview was handled appropriately.

¶6.     In deciding not to hire a private investigator, the attorneys also considered the fact the child reported the sexual acts to her mother almost immediately after they occurred and the fact the medical reports were consistent with the reports of the social worker who investigated the case. Hankey testified in his opinion there was little benefit that could be derived by retaining a private investigator. Since only two people were present at the time of the sexual acts, the victim and Dubray, Hankey saw no reason to depose any witnesses. In Hankey's opinion, hiring a private investigator and deposing the State's witnesses would not aid with the defense and would only result in unnecessary expenses for Dubray.

¶7.     Hankey did not file a pretrial motion to limit the admissibility of prior bad acts because it was his understanding the State did not intend to introduce evidence of prior bad acts in its case in chief. Hankey was also aware the State did not file a notice of intent to use prior bad acts as required by N.D.R.Evid. 404(b). Instead of spending time on what he deemed an unnecessary motion, Hankey prepared Dubray for testifying and stressed the importance of not providing responses that would open the door and allow for the admission of any prior bad acts.

¶8.     The State made a plea offer, and Hankey conveyed the offer to Dubray. The offer was discussed, and Dubray chose not to accept it. Hankey then prepared for jury selection and trial as scheduled. His anticipated trial strategy in this case included a vigorous cross-examination of the social worker and an attempt to keep out any testimony of prior bad acts of Dubray. While the case was pending for trial, Dubray was free on bail. Although Hankey testified that he had difficulty contacting Dubray, he was able to meet personally with Dubray prior to trial. At this meeting they were able to

discuss the weaknesses of the State's case, the statements made by Dubray, and the statements made by the victim. Hankey advised Dubray of the lengthy sentences recently imposed by this Court following a conviction of a sexual offense. Hankey and Fleischman next met with Jason McCarthy, the attorney prosecuting the case, who informed the defense attorneys of the facts he thought he could prove at trial. Following this meeting, Hankey and Fleischman again personally met with Dubray and further discussed whether to take the case to trial. The attorneys went over the benefits of entering guilty pleas with Dubray. They informed him if he entered guilty pleas, they could attempt to reduce the risk of exposure to a harsh sentence based upon acceptance of responsibility. They also informed Dubray they could arrange for an independent psycho-sexual evaluation. After a thorough discussion of the benefits and risks of taking the case to trial, Dubray chose to enter open guilty pleas.

¶9. During the change of plea hearing, this Court thoroughly went through the voluntariness of the pleas, the facts of the crime, ensured Dubray was provided with sufficient time to discuss the case with his attorney, that Dubray was satisfied with the legal representation his attorney was providing, and that Dubray was not under the influence of any alcohol or drugs. The Court accepted the guilty pleas and scheduled sentencing for a later date to afford Dubray the opportunity to undergo an independent psycho-sexual evaluation. Despite the fact Dubray's father-in-law paid a $2,500 retainer to an evaluator, Dubray never completed the independent psycho-sexual evaluation. Dubray also arranged for outpatient substance abuse treatment to take place between the change of plea and sentencing. Dubray, however, was terminated from the program before it was completed.

¶10. Dubray argues Hankey should have hired a private investigator, deposed the victim's mother, and filed a Motion in Limine to prevent the admission of prior bad acts. While counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary, a particular decision not to investigate must be directly assessed for reasonableness in all

the circumstances, applying a heavy measure of deference to counsel's judgments. Strickland v. Washington, 466 US at 691. It is not the function of this Court to "second guess tactical decisions of defense counsel." State v. Schlickenmayer, 364 N.W.2d 108, 112 (N.D. 1985) (citing State v. Motsko, 261 N.W.2d 860, 863 (N.D. 1977)). Hankey testified about the problematic issues the defense faced because of the almost immediate reporting of the incident by the child victim to her mother, Dubray's response when confronted by the victim's mother, the existence of a forensic interview, and the consistency of the statements made by the victim. This Court finds Hankey satisfactorily explained his rationale for preparing the defense in the manner he chose.

### B. Dissatisfaction with the frequency of trial counsel's communication is not grounds for post-conviction relief.

¶11. In closing arguments, Dubray expressed dissatisfaction with the amount of time Hankey spent on the case. Hankey's detailed billing indicates over 60 hours of work went into the case and numerous items of written correspondence were exchanged. Dubray fails to establish how any additional attorney time would impact this case. Additionally, Hankey testified that his office had difficulty keeping in touch with Dubray. Subjective dissatisfaction with the level of communication received from an attorney is insufficient to establish a claim of ineffective assistance of counsel. State v Fischer. 2008 ND 32, ¶ 19, 744 N.W.2d 760, 766. In Fischer, the North Dakota Supreme Court denied Fischer's ineffective assistance of counsel claim based on failure to communicate because Fischer "pointed to nothing but his subjective dissatisfaction with his court-appointed attorneys. Fischer's representations and assertions on appeal [were] insufficient to establish claim of ineffective assistance." State v. Fischer. 2008 ND 32, ¶19, 744 N.W.2d 760, 766.

### C. Dubray fails to show how the results of his case would have been different had trial counsel hired a private investigator, deposed the State's witnesses, and filed a motion to limit prior bad acts.

¶12.    Here, Dubray's right to a jury trial was initially exercised, and a jury trial was scheduled. It was Dubray himself who opted to enter open guilty pleas and forego his right to a jury trial. The only evidence produced by Dubray at the evidentiary hearing was evidence of dissatisfaction with his trial attorney. There was no evidence presented to establish how depositions of trial witnesses, the hiring of a private investigator, or the filing of a motion to exclude prior bad acts would have changed the outcome of the trial. The Court was not made aware of Dubray's prior bad acts until sentencing, when this information became available through the Presentence Investigation Report. This same information would have been available to the Court for sentencing purposes had Dubray been convicted of the crimes by a jury. This Court concluded Dubray has failed to establish a reasonable probability of a different result.

## Order

¶13.    **It is hereby ordered,** the Application for Post-Conviction Relief is denied. Hankey's legal representation did not fall below an objective standard of reasonable performance. Additionally, there is no evidence to establish a reasonable probability that the outcome of this case would have been different had the case been tried to a jury.

Dated this 20 day of November, 2014.

By the Court:

_____
Debbie G. Kleven
District Judge

Cc:     David Jones, Assistant State's Attorney
        Monty Mertz, Attorney for Petitioner