| In District Court, Grand Forks County, North Dakota | |
|---|---|
| State of North Dakota,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Nathan G. Dubray,<br><br>　　　　　Defendant. | Case No. 18-2012-CR-1960<br><br>Order Denying Application<br>For Court-Appointed Attorney and<br>Order Denying Motion to<br>Withdraw Guilty Plea |

¶1　　Defendant entered guilty pleas to two counts of Gross Sexual Imposition, class AA felonies. An Amended Criminal Judgment was entered on January 3, 2014. Defendant did not appeal from the Amended Criminal Judgment. Defendant filed an Application for Post-Conviction Relief in Case No. 18-2014-CV-960 alleging ineffective assistance of counsel and seeking to withdraw his guilty pleas and proceed to trial. This Court granted Defendant's request for a court-appointed attorney for the post-conviction relief petition and held an evidentiary hearing. Following the hearing, this Court denied the Application for Post-Conviction Relief, and Defendant appealed the decision to the North Dakota Supreme Court. Defendant was represented by court-appointed counsel during the appeal. The North Dakota Supreme Court affirmed the trial court's decision. <u>Dubray v. State</u>, 2015 ND 44. Defendant now requests the Court appoint an attorney to represent him in the filing of a Motion to Withdraw Guilty Plea in this case.

¶2　　Defendant fails to provide any legal support for his request for court-appointed counsel. The Amended Judgment was entered on January 3, 2014, and Defendant did not file a timely appeal from the criminal judgment. Since the time for an appeal has expired, this Court finds the criminal case has concluded and there is nothing pending before the Court other than the Motion to Withdraw Guilty Plea, which is discussed below. The Guidelines to Determine Eligibility for Indigent Defense Services provide that a Defendant has a right to counsel when charged with a

1

Exhibit #3

felony, in a post-conviction proceeding, and in appeal of a criminal conviction or post-conviction determination. In this case, Defendant was afforded counsel through sentencing and did not appeal the conviction. Likewise, he was provided with court-appointed counsel in the appeal of the post-conviction determination and during the appeal. Consequently, under the facts of this case, this Court finds Defendant is not entitled to court-appointed counsel.

¶3   N.D.R.Crim.P. 11(d) sets forth the grounds for withdrawing a guilty plea. A guilty plea may only be withdrawn after sentencing unless the defendant proves that withdrawal is necessary to correct a manifest injustice. Here, Defendant argues that because of ineffective assistance of counsel, his guilty pleas were not voluntary. This is the same argument Dubray advanced in his Petition for Post-Conviction Relief. The Court finds the Motion to Withdraw Guilty Plea on the claim of ineffective assistance of counsel was fully and finally determined in the post-conviction proceedings.

¶4   **It is hereby ordered** Defendant's Application for Court-Appointed Counsel and the Motion to Withdraw Guilty Plea are denied.

Dated: January 11, 2016

By the Court:

_____
Debbie G. Kleven
District Judge

Cc:   Nathan Dubray, 2521 Circle Dr., Jamestown, ND 58402
      M. Jason McCarthy, Assistant State's Attorney

2