UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Nathan G. DuBray, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 3:16-cv-00029 |
| | ) | |
| vs. | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION TO DISMISS** |
| Chad Pringle, Warden, | ) | **SECTION 2254 PETITION** |
| | ) | |
| Respondent. | ) | |

...........................................................................................................................

The Respondent, Chad Pringle, Warden of the James River Correctional Center ("Pringle"), by and through legal counsel, submits this Memorandum in support of his motion to dismiss the petition of Nathan G. DuBray ("DuBray") for relief under 28 U.S.C. § 2254.

## I.   SUMMARY OF PROCEEDINGS IN THE STATE COURTS.

On August 6, 2012, the Grand Forks County, North Dakota, state's attorney charged DuBray with two counts of gross sexual imposition in violation of N.D.C.C. § 12.1-20-03.  Ex. 2.  An Amended Information was filed on January 24, 2013.  Ex. 3. On July 15, 2013, DuBray pled guilty to both crimes by entering Alford pleas.  Ex. 4. Following a pre-sentence investigation, a criminal judgment was entered on October 4, 2013.  Ex. 5.  On both charges, DuBray was sentenced to serve 30 years in the custody of the North Dakota Department of Corrections and Rehabilitation ("DOCR") with 15 years suspended and 10 years of probation.  The sentences were concurrent to each other.  DuBray did not appeal from the district court's sentence and judgment of conviction.

On July 14, 2014, DuBray filed an application for post-conviction relief in the Grand Forks County District Court.  Ex. 7.  DuBray alleged multiple claims of ineffective assistance of counsel and an undeveloped claim of a Fifth Amendment violation of the U.S. Constitution and an article I, section 12 violation of the North Dakota Constitution.  Ex. 8.  The State submitted an answer to DuBray's application and moved for summary dismissal.  Ex. 10.  Following an evidentiary hearing, Ex. 11, the Grand Forks County District Court issued its order denying DuBray's claims of ineffective assistance of counsel.  Ex. 13.  DuBray appealed to the North Dakota Supreme Court.  Ex. 14.  The North Dakota Supreme Court summarily affirmed the trial court's judgment under Rule 35.1(a)(2) of the North Dakota Rules of Appellate Procedure.  DuBray v. State,[1] 2015 ND 244, 872 N.W.2d 633.  Ex. 20.

On December 28, 2015, DuBray filed a Motion to Withdraw Guilty Plea.  Ex. 21.  The State responded, Ex. 22, and the state district court denied the motion on January 11, 2016.  Ex. 23.  DuBray did not file an appeal from that order.

## II.   LAW AND ARGUMENT.

### A.   Review under 28 U.S.C. § 2254(d).

28 U.S.C. § 2254(d), a part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), places constraints on the power of the federal courts to grant relief to a state prisoner with respect to claims adjudicated on the merits in the state courts.  Williams v. Taylor, 529 U.S. 362, 412 (2000).

---

[1] In Grand Forks County District Court Criminal Case No. 18-2012-CR-01960 and North Dakota Supreme Court Case 2015 ND 244, DuBray's name is spelled Dubray; however, the State used "DuBray" throughout these pleadings.

AEDPA applies to DuBray's ineffective assistance of counsel claims and purported Fifth Amendment claim.  Under AEDPA:

> If an application includes a claim that has been "adjudicated on the merits in State court proceedings," § 2254(d), an additional restriction applies. Under § 2254(d), that application "shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim":
>
>> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."
>
> This is a "difficult to meet," Harrington v. Richter, 562 U.S. ---, ---, 131 S. Ct. 770, 786, 178 L.Ed.2d 624 (2011), and "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt," Woodford v. Visciotti, 537 U.S. 19, 24, 123 S. Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam) (citation and internal quotation marks omitted).  The petitioner carries the burden of proof. Id., at 25, 123 S. Ct. 357.

Cullen v. Pinholster, 563 U.S. 170, 131 S. Ct. 1388, 1398 (2011).

"[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Id.

"'[C]learly established Federal law' in § 2254(d)(1) 'refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision.'"  Carey v. Musladin, 549 U.S. 70, 74 (2006).  "State-court decisions are measured against [the Supreme] Court's precedents as of 'the time the state court renders its decision.'" Pinholster, 131 S. Ct. at 1399.

### 1. **DuBray is not "contrary to" clearly established federal law as determined by the Supreme Court.**

"To determine whether a particular decision is 'contrary to' then-established law, a federal court must consider whether the decision 'applies a rule that contradicts [such]

3

law' and how the decision 'confronts [the] set of facts' that were before the state court." Pinholster, 131 S. Ct. at 1399. DuBray is not contrary to clearly established precedent.

### 2. DuBray does not involve an unreasonable application of clearly established Supreme Court precedent.

"If the state-court decision 'identifies the correct governing legal principle' in existence at the time, [this Court] must assess whether the decision 'unreasonably applies that principle to the facts of [DuBray's] case.'" Pinholster, 131 S. Ct. at 1399.

The state court's application must be objectively unreasonable. Middleton v. Roper, 455 F.3d 838, 845 (8th Cir. 2006). "[A] habeas court must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Harrington v. Richter, 562 U.S. 86, 102 (2011). DuBray does not involve an objectively unreasonable application of clearly established Supreme Court precedent.

### 3. The state courts' factual determinations in DuBray are presumptively correct.

Factual determinations by the state courts are presumptively correct. 28 U.S.C. § 2254(e)(1); Buchheit v. Norris, 459 F.3d 849, 852 (8th Cir. 2006). DuBray has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). "This 'presumption of correctness applies to factual determinations made by state courts, whether the court be a trial court or an appellate court.'" Perry v. Kemna, 356 F.3d 880, 883 (8th Cir. 2004).

### 4. DuBray is a decision on the merits.

DuBray is a decision on the merits and is entitled to the deferential standard of review under AEDPA. AEDPA does not require the state court to explain its reasoning. Richter, 562 U.S. at 98. "And as this Court has observed, a state court need not cite or even be aware of our cases under § 2254(d)." Id. "This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" Id. at 100; Weaver v. Bowersox, 438 F.3d 832, 839 (8th Cir. 2006).

### B. DuBray is not entitled to Section 2254 relief for any of his claims of ineffective assistance of counsel.

DuBray alleges the following claims of ineffective assistance of counsel in his first ground for Section 2254 relief:

1) counsel failed to interview or depose any witnesses; Doc. 1, ¶ 14a

2) counsel failed to interview the victim or her mother; Doc. 1, ¶ 14b

3) counsel failed to file a motion in limine regarding prior sexual misconduct; Doc. 1, ¶ 14c

4) counsel failed to conduct any independent investigation or preparation; Doc. 1, ¶ 14d

5) counsel failed to file a motion to withdraw his guilty plea; Doc. 1, ¶ 14e

6) counsel failed to hire a private investigator; Doc. 1, ¶ 14f

7) counsel failed to develop a theory of defense; Doc. 1, ¶ 14g

8) counsel failed to hire an expert witness to review the forensic interview; Doc. 1, ¶ 14h

9) counsel failed to hire an expert to determine whether the victim's memory was tainted; Doc. 1, ¶ 14i

10) counsel failed to provide DuBray with facts, documents, papers, reports, and transcripts in a timely manner; Doc. 1, ¶ 14j

11) counsel failed to communicate with DuBray to keep him informed of the case progress; Doc. 1, ¶ 14k

12) counsel failed to represent DuBray with his great skill, knowledge of the law, diligence and preparation; Doc. 1, ¶ 14l and

13) counsel failed to determine whether charging DuBray with two separate gross sexual assault offenses was multiplicitous. Doc. 1, ¶ 14m.

### 1. DuBray did not fairly present the same claims he makes in his petition to the state's highest court.

This Court may not grant relief on any claims for which DuBray failed to exhaust his state court remedies. 28 U.S.C. § 2254(b)-(c); Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001). His claims must also be exhausted before the North Dakota Supreme Court. O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

"Comity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court." Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992). Exhaustion requires full factual and legal development of his claims in the state courts that he presents in his Section 2254 petition. Winfield v. Roper, 460 F.3d 1026, 1034 (8th Cir. 2006). "[DuBray] must present 'both the factual and legal premises' of his claims to the state courts in order to preserve them for federal habeas review." Flieger v. Delo, 16 F.3d 878, 884 (8th Cir. 1994).

DuBray must present the "substantial equivalent" of his claims in the state courts first to satisfy exhaustion. Picard v. Connor, 404 U.S. 270, 278 (1971); Buckley v. Lockhart, 892 F.2d 715, 719 (8th Cir. 1989). DuBray did not first fairly present the identical claims he makes in his Section 2254 petition as grounds 1 and 2 in his post-conviction proceeding in the state courts. DuBray's state court post-conviction

6

petition alleged ineffective assistance of counsel because trial counsel failed to interview or depose five named witnesses and his counsel failed to hire an expert to consider whether the forensic interview of the child victim was tainted. DuBray failed to tell any court why those five named witnesses were in any way essential to his defense. Ex. 9 at 14. DuBray continues to fail to specify why any of those persons were essential to his defense in this petition. DuBray failed to present the state post-conviction court with any substantive questions about the forensic interview with the child victim other than repetitive, speculative things that could have occurred. Ex. 9 at 7-10.

At the North Dakota Supreme Court, the ineffective assistance of counsel claims were similarly lacking. There were three briefs presented to that court from three different entities. The first from DuBray's appointed counsel argued repetitive, unsupported statements that DuBray's counsel did not: hire an expert to review the forensic interview of the child victim; file a motion in limine regarding DuBray's prior sexual offenses; hire a private investigator; or depose any witnesses. Ex. 16 at 15. The second was filed pro se by DuBray and argued that trial counsel: did not hire a private investigator; did not hire an expert regarding the child victim's forensic interview; did not supply DuBray with information, facts, documents, papers, reports, and transcripts in a timely manner; and did not communicate with DuBray. Ex. 17 at ¶ 6. The third was a reply brief filed by different counsel than had filed the original brief. In that brief, the argument was that trial counsel should have interviewed witnesses, hired an expert and should have filed a motion in limine regarding the prior sexual allegations that the State had not sought to be admitted. Ex. 19 at ¶ 4.

There was not both full factual and legal development in the state courts of the same claims he makes here. DuBray did not exhaust his claims. The North Dakota Supreme Court framed DuBray's argument to them as: "claiming his guilty pleas were not voluntary because he received ineffective assistance of counsel and was prejudiced by his trial counsel's failure to (1) hire a private investigator; (2) depose witnesses; (3) move to exclude evidence; and (4) communicate all known facts to Dubray." Dubray v. State, 2015 ND 244, ¶ 1, 872 N.W.2d 633.

DuBray cannot go back to the state courts with his unexhausted claims because they would be barred as misuse of process under N.D.C.C. § 29-32.1-12(2). See Laib v. State, 2005 ND 187, ¶¶ 6-7, 705 N.W.2d 845. His claims are therefore procedurally defaulted from this Court's review as well. Turnage v. Fabian, 606 F.3d 933, 936 (8th Cir. 2010).

### 2. Alternatively, DuBray's counsel was effective in the guilty plea process.

While not conceding DuBray's claims are unexhausted, this Court may deny DuBray's unexhausted claims on the merits despite lack of exhaustion. 28 U.S.C. § 2254(b)(2). Also, to the extent DuBray has generally exhausted his claims that his defense counsel failed to investigate whether he committed his crimes, his claims fail on the merits.

The two-part Strickland v. Washington test applies to ineffective assistance of counsel claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52, 57 (1985). DuBray must prove his counsel's conduct fell below a standard of objective reasonableness and he was prejudiced by his counsel's conduct. Strickland v. Washington, 466 U.S. 668 (1984).

8

In the context of a guilty plea, in order to satisfy the "prejudice" prong, DuBray must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

DuBray has the burden of proof in establishing his ineffective assistance of counsel claim. Woodford v. Visciotti, 537 U.S. at 25; Pinholster, 131 S.Ct. at 1398.

The "pivotal question" in a Section 2254 proceeding is "whether the state court's application of the Strickland standard was unreasonable" and that this inquiry "is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington v. Richter, 562 U.S. at 101.

To state it differently: "A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself" since the standards created by Strickland and Section 2254(d) are both highly deferential. Id. at 785. "Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both 'highly deferential,' id., at 689 (citations omitted), and when the two apply in tandem, review is 'doubly' so . . . ." Harrington v. Richter, 562 U.S. at 105 (citing Knowles v. Mirzayance, 556 U.S. 111, 123 (2009)).

Accordingly, when Section 2254(d) applies, this Court must ask "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Richter, 562 U.S. at 105.

DuBray "must demonstrate that it was necessarily unreasonable for the [North Dakota] Supreme Court" to rule as it did. Pinholster, 131 S. Ct. at 1403. DuBray has the burden to overcome any reasonable argument supporting the state court decision

9

whether articulated by the state courts or not. Richter, 562 U.S. at 98-100. This is because Section 2254 actions are not intended as "a substitute for ordinary error correction through appeal" but as a "'guard against extreme malfunctions in the state criminal justice systems . . . .'" Richter, 562 U.S. at 102-103.

"[DuBray] must meet both conditions to prevail on an ineffective assistance claim, and the court need not address both if one condition is insufficiently established." James v. State of Iowa, 100 F.3d 586, 589 (8th Cir. 1996). DuBray's claims do not satisfy either condition.

DuBray cannot claim cumulative error. Each of his ineffective assistance of counsel claims must stand or fall on its own merits. Hall v. Luebbers, 296 F.3d 685, 692-93 (8th Cir. 2002); Scott v. Jones, 915 F.2d 1188, 1191 (8th Cir. 1990).

### C. DuBray's counsel's performance was objectively reasonable.

Due to his level of intoxication, DuBray could not and did not dispute any factual part of the investigation and what the child victim told law enforcement. Ex. 4 at 11-12. At the change of plea hearing, his trial counsel also stated "[DuBray] does now admit, given the facts and as outlined, that there's enough here on an Alford basis, but he has no recollection of doing this act." Ex.4 at 13. There is no factual dispute in this case.

#### 1. Failure to conduct interviews or depose witnesses.

DuBray alleges his defense counsel failed to interview or depose any witnesses. Doc. 1 at ¶ 14a. DuBray did not present any proof in the form of affidavits or testimony from any witnesses at the evidentiary hearing. His claim is only speculative and conclusory.

10

"[DuBray's] speculation as to how the others on his list would have testified fails to meet his burden of proof that counsel's assistance was ineffective." Wing v. Sargent, 940 F.2d 1189, 1191 (8th Cir. 1991). The Eighth Circuit stated, "We find it noteworthy that Burton called none of these witnesses to the stand during the post-conviction hearing in the Missouri trial court, the very proceeding in which the trial lawyer's competence was contested. In these circumstances, we cannot conclude the Missouri Court of Appeals's decision unreasonably applied *Strickland*." Burton v. Dormire, 295 F.3d 839, 845 (8th Cir. 2002).

### 2. Failure to interview the victim or her mother.

DuBray alleged his trial counsel failed to interview the victim or her mother. Doc. 1 at ¶ 14b. Regardless of not knowing whether either person would have discussed the case with DuBray's trial counsel, the claim fails for the same reasons listed above. It is unclear why DuBray treats the victim and her mother differently than witnesses referred to in Doc. 1 at ¶ 14a. The State relies on the cases of Wing v. Sargent and Burton v. Dormire cited above.

### 3. Failure to file a motion in limine.

DuBray alleged his trial counsel failed to file a motion in limine regarding admissibility of prior sexual allegations of DuBray. Doc. 1 at ¶ 14c. DuBray's trial counsel did not file any motion in limine regarding use of prior sexual allegations against DuBray for the reason that the State of North Dakota never filed any notice required under the Rules of Evidence that they intended to use such evidence. DuBray's trial counsel explained that he would have kept out any such evidence had the case gone to trial. Ex. 11 at 33.

11

### 4. Failure to conduct investigation or preparation.

DuBray alleged his trial counsel failed to be prepared or conduct any independent investigation. Doc. 1 at ¶ 14d. Once again, DuBray failed to present any evidence how this factor would have changed by presenting any evidence during the state post-conviction hearing or in this petition to this Court.

In Schone v. Purkett, 15 F.3d 785, 789-90 (8th Cir. 1994), the Eighth Circuit denied a habeas petition under similar circumstances and stated:

> Schone points to no new evidence or legal arguments that more searching investigation and research would have revealed, much less evidence or arguments that would have affected his decision to plead guilty. See *Tran*, 849 F.2d at 1067 (holding that petitioner failed to "provide the type of information which would allow an intelligent assessment of the likelihood that [he] would not have plead[ed] guilty").

Schone v. Purkett, 15 F.3d at 789-90.

### 5. Failure to file motion to withdraw plea.

DuBray alleged his trial counsel failed to file a timely motion to withdraw plea. Doc. 1 at ¶ 14e. DuBray filed a pro se motion to withdraw his plea on December 28, 2015, while the case was on appeal to the North Dakota Supreme Court. Ex. 21. The state district court denied the motion on January 11, 2016. Ex. 23.

DuBray told his trial counsel the day of sentencing that he wanted to withdraw his plea. Ex. 6 at 3. The state district court rationally observed that DuBray had entered his Alford plea on the eve of trial and that to delay the proceedings further would serve no purpose. She allowed DuBray to file whatever motions he felt were warranted after sentencing. Ex. 6 at 8. DuBray again fails to present any fair and just reason why he should have been allowed to withdraw his plea. At the state post-conviction hearing, DuBray testified that he changed his mind just prior to the sentencing due to the amount

of prison time he faced. Ex. 11 at 16. DuBray felt aggrieved by the length of his sentence which is why he now challenges his guilty pleas. DuBray has presented nothing to this Court which amounts to a fair and just reason and which would change the result of his convictions.

### 6. Failure to hire a private investigator.

DuBray alleged his trial counsel failed to hire a private investigator. Doc. 1 at ¶ 14f. DuBray presents nothing to this Court to show how this matters. DuBray's trial counsel testified that in his opinion, since DuBray and the child victim were the only people present for the sexual assaults, nothing would be gained by the use of a private investigator. Ex. 11 at 41-42.

### 7. Failure to develop a theory of defense.

DuBray alleged his trial counsel failed to develop a theory of defense. Doc. 1 at ¶ 14g. That is an inaccurate statement of the case. DuBray's trial counsel testified that his theory of defense would have been that the offenses had not occurred and that the child victim had made up the sexual assaults. Ex. 11 at 44. That is a generally accepted defense to be used at trial.

### 8. Failure to hire an expert witness to review forensic interview.

DuBray alleged his trial counsel failed to hire an expert to review the forensic interview of the child victim. Doc. 1 at ¶ 14h. DuBray fails to present anything about the forensic interview of the child victim that was objectionable. DuBray's trial counsel testified that he had a great deal of experience with forensic interviews, that he had co-counsel review the forensic interview, and that in their opinions there was nothing in

the forensic interview that an expert could assist with. Ex. 11 at 29-30. See Hill v. Lockhart, 474 U.S. at 57.

### 9. Failure to hire an expert witness regarding the victim's memory.

DuBray alleged his trial counsel failed to hire an expert to investigate or conduct relevant research whether the victim's memory was tainted. Doc. 1 at ¶ 14i. DuBray presents nothing to this Court about why this was not discussed in the state court proceedings or why it amounts to a constitutional violation. The State relies on Hill v. Lockhart, 474 U.S. at 57.

### 10. Failure to supply DuBray with timely material.

DuBray alleged his trial counsel failed to supply him with all information, facts, documents, papers, reports, and transcripts in a timely manner. Doc. 1 at ¶ 14j. This allegation is belied by DuBray's previous statements in court. DuBray stated at the change of plea hearing that he was satisfied with his counsel. Ex. 4 at 8. DuBray testified at the post-conviction hearing that he had received the entire discovery package prior to the change of plea. Ex. 11 at 5.

### 11. Failure to keep DuBray informed.

DuBray alleged his trial counsel failed to keep him informed. Doc. 1 at ¶ 14k. Once again, DuBray presents nothing to this Court with which his counsel failed to present him. DuBray admitted at the change of plea hearing that he was satisfied with his counsel. Ex. 4 at 8. DuBray testified at the post-conviction hearing that he had met with his attorney at least three times prior to the plea and it may have been more prior to the change of plea. Ex. 11 at 24-25.

**12.    Failure to skillfully represent DuBray.**

DuBray alleged his trial counsel did not use his skills to represent him. Doc. 1 at ¶ 14l. Other than the previously discounted theories presented by DuBray, he summarizes nothing in this paragraph to bolster his bare allegation. The State relies on the totality of its responses to debunk this whimsical allegation.

**13.    Failure to object to multiplicitous charges.**

DuBray alleged his trial counsel failed to know that charging DuBray with two offenses was "multiplicity" and designed to "scare [DuBray] into pleading out." Doc. 1 at ¶ 14m. A review of the Amended Information shows two different dates of offense and two different acts which both comprise the offense of gross sexual imposition. Ex. 3. A single offense should normally be charged in one count; however, in this case DuBray committed two separate gross sexual impositions against the child victim on two separate dates. DuBray presents nothing to support his position that the charging document was unconstitutional except a statement that charging DuBray with two offenses is multiplicity. That is an inaccurate statement of law.

DuBray has not made any showing his trial counsel's representation was objectively unreasonable. He fails to meet the first Strickland prong.

**D.    DuBray failed to prove prejudice.**

"If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

This Court does not need to reach the performance prong of <u>Strickland</u> if it determines DuBray did not prove prejudice. <u>Addai v. Schmalenberger</u>, 776 F.3d 528, 535 (8th Cir. 2015); <u>Pryor v. Norris</u>, 103 F.3d 710, 713 (8th Cir. 1997).

In order for DuBray to prevail on his ineffective assistance of counsel claim, he must demonstrate a reasonable probability that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. at 59. Simply making that statement does not make it so. DuBray wants to equate his trial counsel's inability to come up with proof that he did not commit these crimes with being an unconstitutionally effective counsel. Like <u>Hill</u>, DuBray failed to allege specifically what his trial counsel could have done that would have resulted in him going to trial.

DuBray's after-the-fact claim he would have gone to trial on the gross sexual imposition charges, of which he claims to have no memory, is meritless.

"Since appellant offers only speculation that he was prejudiced by the failure of his counsel to interview Denise, he has not made the required showing of prejudice under <u>Strickland</u>." <u>Sanders v. Trickey</u>, 875 F.2d 205, 210 (8th Cir. 1989) (dismissing claim because the petitioner did not make "a clear showing . . . that important potential testimony would have been discovered in an interview").

DuBray has not shown any reasonable probability the outcome of the proceeding would have been different if his attorney had proceeded differently. <u>Gingras v. Weber</u>, 543 F.3d 1001, 1004 (8th Cir. 2008). DuBray failed to prove prejudice.

The state court's determination regarding DuBray's claims of ineffective assistance of counsel is not contrary to, nor does it involve an unreasonable application

16

of, Hill v. Lockhart, nor is it based on an unreasonable determination of the facts in light of the evidence produced in the state court proceedings. Section 2254(d) precludes relief for DuBray's claims of ineffective assistance of counsel.

### E. DuBray is not entitled to Section 2254 relief for his claim of using the incorrect standard in denying his guilty plea to be withdrawn.

For his second ground for relief, DuBray alleges the state courts used an improper standard in denying him the ability to withdraw his guilty pleas. DuBray does not explain how this is a federal constitutional violation which is a requirement of 28 U.S.C. § 2254(a).

DuBray has arguably failed to exhaust this portion of his petition. The state district court issued its order denying DuBray's motion on January 11, 2016. Ex. 23. DuBray did not appeal that order. State prisoners seeking habeas relief must comply with the exhaustion rule codified in 28 U.S.C. § 2254(b)(1). DuBray did not take this claim to the North Dakota Supreme Court and it remains unexhausted.

The state courts' determination of the correct standard of review to determine whether to allow a defendant to withdraw a guilty plea may not be reviewable by this Court as it presents no federal constitutional claim. Section 2254 precludes relief for this claim. If this Court decides to review this claim, then as previously articulated, DuBray has failed to show a fair and just reason to withdraw his guilty pleas. "Defense counsel's performance can serve as the requisite 'fair and just reason' for withdrawal only if [appellant] demonstrates both that his attorney's performance was deficient and that he was prejudiced by it." United States v. McMullen, 86 F.3d 135, 137 (8th Cir. 1996).

17

If a defendant has presented a fair and just reason to withdraw his plea, the court may consider several other factors, such as "whether the defendant asserts his legal innocence of the charge, the length of time between the plea and the motion to withdraw, and whether the government will be prejudiced by the withdrawal." United States v. Gray, 152 F.3d 816, 819 (8th Cir. 1998) (citation omitted). "However, if a defendant does not present a fair and just reason for withdrawal of a guilty plea no need exists to examine the other factors." Id. (citing United States v. Abdullah, 947 F.2d 306, 311 (8th Cir. 1991)). DuBray's only articulated reason to try and withdraw his plea orally on the day of sentencing was the amount of prison time he faced. Ex. 11 at 16.

## CONCLUSION

For the above reasons, and based on the state court record and decisions of the state courts, this Court should deny DuBray's claims and dismiss his petition.

Dated this 20th day of April, 2016.

        State of North Dakota
        Wayne Stenehjem
        Attorney General

By: /s/ Michael T. Mahoney
    Michael T. Mahoney, State Bar ID 04040
    Assistant Attorney General
    Office of Attorney General
    600 East Boulevard Avenue, Dept. 125
    Bismarck, ND  58505-0040
    Telephone (701) 328-2210
    Fax No. (701) 328-3535

Attorneys for Respondent Chad Pringle, Warden, James River Correctional Center

## ATTORNEY'S CERTIFICATE OF SERVICE

## CASE NO. 3:16-cv-00029

I hereby certify that on the 20th day of April, 2016, the following document:

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECTION 2254 PETITION**

was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

N/A

I further certify that a copy of the foregoing document will be mailed by first class mail, postage paid, to the following non-ECF participant:

NATHAN G. DUBRAY
JAMES RIVER CORRECTIONAL CENTER
2521 CIRCLE DRIVE
JAMESTOWN, ND 58401-6904

Dated April 20, 2016.

By: */s/ Michael T. Mahoney*
Michael T. Mahoney, State Bar ID 04040
Assistant Attorney General